JUAN MURPHY LUGO, Complainant and Appellee, v. ATLANTIC SOUTHERN INSURANCE COMPANY OF PUERTO RICO, Defendant and Appellant.

No. CE-64-16.    Decided November 12, 1964.

*Héctor Lugo Bougal* for appellant. *Práxedes Álvarez Leandri* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Pursuant to the provisions of Act No. 2 of October 17, 1961 (Sp. Sess. Laws, p. 447), Juan Murphy Lugo filed a complaint in the District Court, Ponce Part, against Atlantic Southern Insurance Company of Puerto Rico claiming certain sums of money for unjustified discharge and accumulated vacation. Summons was issued and the clerk issued the corresponding order which was served by the marshal, who certified that on May 24, 1963, he served notice personally "on Enrique Torres, that is, the defendant," in Ponce, Puerto Rico, at 6:15 A.M., delivering to him a faithful and exact copy of the complaint, of the summons, and service of summons.

At complainant's request the District Court rendered judgment by default on June 11, 1963, ordering defendant to pay to complainant the sum of $1,653.32, plus costs and $100 for attorney's fees.

Defendant Atlantic Southern Insurance Company of Puerto Rico appeared three days later requesting the reopening of the case. It alleged that it had filed a motion for extension of time and was not served with notice of the denial thereof, and that owing to the pressure of work of defendant's attorney he had been unable to answer the complaint. That motion was granted and the reopening of the case was ordered.[1] A motion for reconsideration filed by complainant was denied.

Thereupon the complainant resorted to the Superior Court, Ponce Part, by way of certiorari. The writ having been

---

[1] Defendant had requested in time an extension to answer the complaint, but the clerk of the District Court, based on the fact that the motion for extension was not verified, returned the same to defendant's attorney without informing the Administrative Judge or filing the same in the record of the case.

issued and a hearing held, that court rendered judgment setting aside and rendering ineffective the order of the District Court to reopen the case, and remanded the same for further proceedings.

To review that judgment we issued in turn a writ of certiorari.

The Superior Court held that the District Court acted without jurisdiction in ordering the reopening of the case and granting an opportunity to defendant to answer. It also held that the judgment by default rendered against defendant was final, unappealable, and that "the only remedy available to complainant was to resort to this Court to review the proceedings (§ 4)." Section 3 of Act No. 2 of October 17, 1961 in its pertinent part provides:

"Section 3. The judge shall issue an order for serving copy of the complaint on the defendant, warning him that he shall file his answer in writing, with proof of having served copy thereof on counsel for complainant or on the latter if he has appeared in his own right, within ten (10) days after said service of notice, if made in the judicial district where the action is instituted, and within fifteen (15) days in all other cases, and warning also said defendant that should he fail to do so, judgment shall be entered against him, granting the remedy sought, without further summons or hearing. The judge may extend the term to answer only on motion of the defendant, which shall be served on counsel for complainant or on the latter if he appears in his own right, setting forth under oath the reasons said defendant may have therefor, if from the face of such motion the judge finds just cause. In no other case shall the court have jurisdiction to grant such extension."

And § 4 of that Act also provides in its pertinent part:

"Where defendant shall fail to file his answer to the complaint in the manner and within the term provided in section 3, the judge shall render judgment against defendant, at the instance of complainant, granting the remedy sought. In such case, the judgment shall be final and no appeal may be taken

therefrom; provided, however, that defendant may, within the ten (10) days following the service of notice of the judgment, appeal from the District Court to the corresponding Superior Court, or from the Superior Court where the claim originated to the Supreme Court, for a review of the proceedings."

We agree that according to the provisions of § 3, copied above, whenever the defendant is unable to file his answer to the complaint within the legal term, he is bound to set forth under oath the reasons for requesting an extension therefor, and if he fails to do so the court lacks jurisdiction to grant such extension. We agree likewise that according to the provisions of § 4, where defendant fails to file his answer to the complaint in the manner and within the term provided in § 3, and at complainant's request the judge renders judgment, the judgment shall be final and no appeal may be taken therefrom, although the defendant may petition a Superior Court for a review of the proceedings.

Considering only the said provisions of §§ 3 and 4, the Superior Court held that the District Court lacked jurisdiction to grant to defendant an extension to answer the complaint and to set aside the judgment rendered by default.

However, the Superior Court should have resorted to other provisions of the said Act No. 2 in order to dispose of the controversy.

Owing to the action taken by the clerk in returning the motion for extension to defendant's attorney, the District Court did not have under consideration the said motion for extension because it was not filed in the record of the case. There being no proof in the record of defendant's appearance, the District Court proceeded, at the instance of complainant and pursuant to the provisions of § 4, to render judgment by default against the former. This judgment was final and no appeal could be taken therefrom. The review by the Superior Court of the proceedings had in this case

possibly would not have been useful at all to defendant,[2] unless the complaint were insufficient or if some substantial error had been committed in the proceedings.

The defendant did not petition for a review of the proceedings, but resorted to the District Court and requested and obtained the reopening of the case and leave to file the answer to the complaint. Sections 3 and 4 of Act No. 2 did not bar the action taken by that court. Neither did the provision of § 3 to the effect that in the prosecution of cases under that Act, "the Rules of Civil Procedure shall govern insofar as they are not in conflict with the specific provisions of this Act or with the summary nature of the procedure hereby established."

■ We are dealing, as already stated, with an order setting aside the judgment by default rendered in pursuance of the provisions of § 4 of Act No. 2. According to Rule 49.2 of the Rules of Civil Procedure, the District Court had discretionary power to set aside the judgment. This is so because Act No. 2 itself makes applicable, as an exception to §§ 3 and 4 thereof, Rule 49.2. To this effect, § 7 of Act No. 2 provides:

"Section 7. When judgment is rendered under section 4 or 6 of this act, the court shall retain the discretion granted by Rule 49.2 of the Rules of Civil Procedure for the General Court

---

[2] Perhaps the jurisdiction of the District Court to render the judgment by default could be attacked. The defendant is the "Atlantic Southern Insurance Co. of Puerto Rico." The marshal certified that he had served notice on "Enrique Torres" as the party defendant. Neither in the complaint nor in any other document is the said Enrique Torres connected at all with the defendant. Therefore, it did not appear from the documents in the record that the defendant had been legally summoned at the time judgment was rendered against it. It could not be sustained that defendant submitted itself to the jurisdiction of the District Court before rendering judgment by means of its motion for extension to answer, since the same was not filed with the clerk of the court for the reasons which we have already stated. Perhaps that and other circumstances alleged warranted the order of the District Court setting aside the judgment by default and granting time to defendant to answer the complaint.

of Justice in cases of error, inadvertence, surprise, excusable negligence or fraud, but the motion invoking said discretion shall be filed within the term of sixty (60) days after the service of notice of the judgment on the parties and there shall be stated therein, under oath, the grounds on which the petition is based. Where said petition is not filed within the term and in the manner herein provided, the court shall dismiss it flatly."

■ On the other hand, Rule 49.2 *supra* of the Rules of Civil Procedure empowers the courts to relieve a party or his legal representative from a judgment, order, or proceeding, among other reasons, for mistake, inadvertence, surprise, or excusable neglect, or for any other reason justifying relief from the operation of a judgment. There is no question that the clerk of the District Court committed a mistake in returning of his own initiative the motion for extension sent to him by defendant. If the judge had been informed of that motion for extension, perhaps the defendant, which showed interest in defending itself, would have had an opportunity to put in a correct appearance in the action. The absence in the record of the case of an allegation of the defendant gave rise to the judgment by default rendered against it, which unquestionably took it by surprise. We do not believe that under the circumstances stated the District Court abused its discretion in setting aside the said judgment.

For the reasons stated, the judgment rendered by the Superior Court, Ponce Part, will be reversed, the order of the District Court, Ponce Part, to reopen the case will be affirmed, and the case remanded for further proceedings.